UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ALLIANCE LAUNDRY SYSTEMS LLC,           :
                                        :
       Plaintiff,                       :     Case No._____
                                        :
       -v-                              :
                                        :     **COMPLAINT**
MARC HILTSLEY, MICHELLE T. HILTSLEY,    :
and LEONARD KEFF                        :     JURY TRIAL DEMANDED
                                        :
       Defendants.                      :
                                        :
-------------------------------------------------------------- X

      Plaintiff, Alliance Laundry Systems LLC ("Alliance" or "Plaintiff"), by and through its attorneys, Husch Blackwell, LLP, for its Complaint against Defendants Marc Hiltsley ("Mr. Hiltsley"), Michelle T. Hiltsley ("Mrs. Hiltsley"), (jointly Mr. and Mrs. Hiltsley are the "Joining Borrowers"), and Leonard Keff ("Mr. Keff") (collectively, "Defendants"), hereby alleges as follows:

## PARTIES

      1.    Alliance is a limited liability company that is a citizen of the States of Delaware and Wisconsin because its sole member, Alliance Laundry Holdings LLC ("Alliance Holdings") is a citizen of those States. Specifically, Alliance Holdings' sole member is ALH Holding Inc. ("ALH") which is a Delaware corporation having its principal place of business at 221 Shepard Street, Ripon, Wisconsin 54971. Therefore, for purposes of jurisdiction, ALH is a citizen of Delaware and Wisconsin which in turn makes Alliance Holdings, and in turn Alliance, citizens of those states as well under the rule that a limited liability company takes the citizenship of each of its members. *See Bayerishe Landesbank, New York Branch v. Aladdin Capital Management LLC*, 692 F.3d 42, 49 (2d Cir. 2012).

2. Apart from jurisdictional considerations, Alliance and Alliance Holdings are each limited liability companies organized under the laws of the State of Delaware, maintaining offices and their respective principal places of business at 221 Shepard Street, Ripon, Wisconsin 54971.

3. Upon information and belief, Mr. Hiltsley is a citizen of the State of New York and an individual domiciled at 207 Gallagher St., Buchanan, NY 10511.

4. Upon information and belief, Mrs. Hiltsley is a citizen of the State of New York and an individual domiciled at 207 Gallagher St., Buchanan, NY 10511.

5. Upon information and belief, Mr. Keff is a citizen of the State of New York and an individual domiciled at 141 West 36th Street, Room 17, New York, NY 10018-9489 with a business address at 440 S. Riverside Ave., Croton-on-Hudson, NY, 10520.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action under 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship among the parties in that Plaintiff is a citizen of the states of Delaware and Wisconsin and Defendants are citizens of the state of New York, and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

7. Venue is proper in the United States District Court for the Southern District of New York under 28 U.S.C. § 1391(b) as this is the district in which Defendants reside or have their principal place of business. In addition, the acts giving rise to the action occurred in this district, and the property at issue is located in this district.

## STATEMENT OF FACTS

8. Plaintiff incorporates by reference all previously stated paragraphs as if fully set forth herein.

9. Emtee Cleaners, Inc. ("Cleaners") is a corporation organized under the laws of New York, with a principal place of business at 440 S. Riverside Ave., Croton-on-Hudson, NY, 10520 and service process address at 3258 Old Crompond Rd., Yorktown Heights, NY 10598.

10. Cleaners executed a Variable Rate Promissory Note in favor of Alliance dated as of April 18, 2016, in the original stated principal amount of $167,300.00 (the "Note"), to finance the purchase of certain laundry equipment (the "Equipment").  A true and correct copy of the Note is attached hereto as **Exhibit A** and is incorporated herein by reference.

11. To secure the repayment of the Note, Alliance and Cleaners entered into a Security Agreement dated as of April 22, 2016.  A true and correct copy of the Security Agreement is attached hereto as **Exhibit B** and is incorporated herein by reference.

12. Pursuant to the terms of the Note and Security Agreement, Alliance financed the acquisition of the Equipment, which was used in the operation of a laundromat located at 440 S. Riverside Ave., Croton-on-Hudson, NY, 10520 (the "Premises").

13. Pursuant to the Security Agreement, Cleaners' obligations under the Note are secured by the Equipment.  Additionally, pursuant to the Note and Security Agreement, Cleaners is liable for all costs of repossession, storing, shipping, repairing and selling the Equipment.

14. In order to perfect its security interest in the Equipment, Alliance filed a UCC-1 financing statement with the New York Department of State.  A true and correct copy of Alliance's UCC filing is attached hereto as **Exhibit C** and is incorporated herein by reference.

15. On February 28, 2017, Mr. Hiltsley and Mrs. Hiltsley executed, as Joining Borrowers, a certain Borrower Joinder to Promissory Note and Security Agreement promising to pay the obligations under the Note (the "Joinder").  A true and correct copy of the Joinder is attached hereto as **Exhibit D** and is incorporated herein by reference.

16. On March 8, 2017, Alliance, as lender, accepted the Joinder.

17. Pursuant to the terms of the Note and Joinder, Cleaners and the Joining Borrowers were jointly and severally required to make monthly principal and interest payments to Alliance.

18. Failure to make payment when due constitutes an event of default under the Note.

19. The Note further provides that upon default, Alliance may declare the entire unpaid principal balance under the Note and all accrued unpaid interest immediately due and payable and collect all amounts owing from Cleaners.

20. Cleaners and the Joining Borrowers failed to make payments as required under the terms of the Note. Specifically, Cleaners and the Joining Borrowers have failed to make the required monthly payments since March 5, 2019. Cleaners and the Joining Borrowers failure to make payments when due constitutes a default under the terms of the Note.

21. Pursuant to the Note and Joinder, Cleaners and the Joining Borrowers agreed to pay all of Alliance's costs of enforcement and collection, including Alliance's reasonable attorneys' fees of at least 20% of the remaining principal balance and actual costs.

22. Alliance performed all conditions, covenants, and promises required by it in accordance with the terms and conditions of the Note, Joinder and Security Agreement.

23. Upon information and belief, the Joining Borrowers sold or otherwise transferred the Equipment to Mr. Keff without Alliance's consent.

24. Upon information and belief, Mr. Keff currently has possession of the Equipment at 440 S. Riverside Ave., Croton-on-Hudson, NY, 10520.

25. On April 16, 2019, Alliance made a final demand upon Cleaners and Joining Borrowers for payment under the Note and expressly notified Cleaners and the Joining Borrowers that the Note was accelerated on April 2, 2019 due to non-payment (the "Final Demand"). A true

and correct copy of the Final Demand is attached hereto as **Exhibit E** and is incorporated herein by reference.

26. Cleaners and the Joining Borrowers have since failed to make any required monthly payments and have failed to make payment of all outstanding principal and interest.

27. On June 4, 2019, counsel for Alliance sent a demand letter to all Defendants demanding the immediate payment of the outstanding balance due under the Note and return of the Equipment. A true and correct copy of this letter is attached hereto as **Exhibit F** and is incorporated herein by reference.

28. Defendants neither responded to the letter, nor permitted Alliance to recover the Equipment. Defendants have also failed to pay Alliance the outstanding balance on the Note.

29. Alliance has the right to take possession of the Equipment pursuant to the Security Agreement.

30. As a result of Cleaners and the Joining Borrowers' default of the Note, an amount in excess of $75,000.00 is due Alliance from Defendants.

31. Interest continues to accrue on the Note. In addition, as set forth above, under the terms of the Note, Cleaners and the Joining Borrowers are liable for all of Alliance's attorneys' fees and costs of enforcement of and collection of the Note.

32. All conditions precedent, if any, to Cleaners and the Joining Borrowers' obligations to pay the amounts due Alliance have accrued or otherwise have been discharged.

33. Plaintiff is entitled to judgment against the Joining Borrowers for the amounts due and owing under the Note and Joinder and against all Defendants for conversion of the Equipment.

## COUNT I
## Breach of Contract against Mr. Hiltsley

34. Alliance incorporates the allegations of the proceeding paragraphs of the Complaint as if fully restated herein.

35. Alliance has performed all terms and conditions of the Note and Joinder to be performed by Alliance.

36. Mr. Hiltsley has not performed under the Joinder on his part by, among other reasons, failing to make payments under the Note when those payments became due and wrongfully transferring possession of the Equipment.

37. Under the Note and Joinder, Alliance is entitled to contractual money damages from Mr. Hiltsley as provided therein.

38. The Note and Joinder provide that Alliance shall recover its attorneys' fees, costs, and interest on all unpaid amounts due and owing.

## COUNT II
## Breach of Contract against Mrs. Hiltsley

39. Alliance incorporates the allegations of the proceeding paragraphs of the Complaint as if fully restated herein.

40. Alliance has performed all terms and conditions of the Note and Joinder to be performed by Alliance.

41. Mrs. Hiltsley has not performed under the Joinder on her part by, among other reasons, failing to make payments under the Note when those payments became due and wrongfully transferring possession of the Equipment.

42. Under the Note and Joinder, Alliance is entitled to contractual money damages from Mrs. Hiltsley as provided therein.

43. The Note and Joinder provide that Alliance shall recover its attorneys' fees, costs, and interest on all unpaid amounts due and owing.

### COUNT III
### Conversion against Mr. Hiltsley

44. Alliance incorporates the allegations of the proceeding paragraphs of the Complaint as if fully restated herein.

45. Mr. Hiltsley wrongfully sold or transferred Alliance's Equipment for his own benefit.

46. Alliance has made demands that the Equipment be returned.

47. Despite Alliance's demands that the Equipment be returned, Mr. Hiltsley has neither responded to Alliance, nor returned the Equipment or provided an opportunity for Alliance to repossess its Equipment.

48. Alliance has been damaged by the conversion of its property, and demands its immediate return and the outstanding amounts due under the Note, Security Agreement and Joinder, plus all damages it suffered due to the loss of value of the property, and damage it suffered due to the misuse of the property, all in an amount to be determined at trial.

### COUNT IV
### Conversion against Mrs. Hiltsley

49. Alliance incorporates the allegations of the proceeding paragraphs of the Complaint as if fully restated herein.

50. Mrs. Hiltsley wrongfully sold or transferred Alliance's Equipment for her own benefit.

51. Alliance has made demands that the Equipment be returned.

52. Despite Alliance's demands that the Equipment be returned, Mrs. Hiltsley has neither responded to Alliance, nor returned the Equipment or provided an opportunity for Alliance to repossess its Equipment.

53. Alliance has been damaged by the conversion of its property, and demands its immediate return and the outstanding amounts due under the Note, Security Agreement and Joinder, plus all damages it suffered due to the loss of value of the property, and damage it suffered due to the misuse of the property, all in an amount to be determined at trial.

## COUNT V
## Conversion against Mr. Keff

54. Alliance incorporates the allegations of the proceeding paragraphs of the Complaint as if fully restated herein.

55. Upon information and belief Mr. Keff either purchased or has possession of the Equipment.

56. Alliance has made demands to Mr. Keff that the Equipment be returned.

57. Despite Alliance's demands that the Equipment be returned, Mr. Keff has neither responded to Alliance, nor returned the equipment or provided an opportunity for Alliance to repossess its Equipment.

58. Alliance has been damaged by the conversion of its property, and demands its immediate return and all damages it suffered due to the loss of value of the property, and damage it suffered due to the misuse of the property, all in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Alliance respectfully requests that this Court enter judgment against Defendants as follows:

(a) Entry of an order in favor of Alliance and against the Joining Borrowers for an amount in excess of $75,000.00 due and owing, including interest which continues to accrue and all costs and expenses of collection, reasonable attorneys' fees, pursuant to the terms of the Note, plus all damages caused by the acts forming the basis of the Complaint;

(b) Entry of an order in favor of Alliance and against Defendants for all damages suffered by Alliance due to Defendants' conversion of the Equipment and loss of value of the Equipment in an amount to be determined at trial;

(c) Requiring Defendants to pay Alliance the costs of this action and all reasonable attorneys' fees and costs pursuant to the Note, Personal Guaranty, and Security Agreement;

(d) Awarding Alliance interest and prejudgment interest; and

(e) Awarding Alliance such other and further relief as this Court deems just and equitable.

Dated: Brooklyn, New York
October 13, 2022

HUSCH BLACKWELL LLP

By: /s/ Jennifer Jordan
Jennifer Jordan, Esq.
118-30 Queens Boulevard
Tower Suite 400
Forest Hills, NY 11275
(202) 378-2342
(202) 378-2319 (fax)
jennifer.jordan@huschblackwell.com

Of Counsel:
Iana A. Vladimirova, Esq.
Iana.Vladimirova@huschblackwell.com
33 East Main Street, Suite 300
Madison, WI 53701-1379

***Attorneys for Plaintiff Alliance Laundry Systems LLC***

## VERIFICATION

STATE OF WISCONSIN          )
                            ) SS
COUNTY OF FOND DU LAC       )

I, Steven D. Michels, being duly sworn, deposes and says:

1. I am employed by Alliance Laundry Systems, LLC ("Alliance"), as a Portfolio Manager, and maintain an office at Alliance in Ripon, Wisconsin. I am authorized to make this Verification on behalf of Alliance.

2. I have supervisory charge of Alliance's accounts with Emtee Cleaners, Inc., and have supervisory charge of the original documents and credit files relating thereto. Such documentation is maintained by Alliance in the ordinary course of its business and as a regular practice.

3. I have reviewed the allegations made in the Complaint and based upon personal knowledge and the business records of Alliance, verify that the facts stated in it are true, except for those facts stated to be on information and belief, which facts I verily believe to be true.

_____
Steven D. Michels

Sworn to and subscribed before me this
11th day of October, 2022.

_____
Notary Public



HB: 4810-8009-2594.1                Page **11** of **11**